UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONTE GOODE, | ) | CASE NO. 1:16CV2725 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| NANCY BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION & ORDER |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Monte Goode ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on March 13, 2017, Plaintiff asserts that the administrative law judge ("ALJ") lacked substantial evidence to support her residual functional capacity ("RFC") finding that Plaintiff was capable of frequent reaching and handling. ECF Dkt. #16 at 10-11. On April 11, 2017, Defendant filed a brief on the merits. ECF Dkt. #17. Plaintiff did not file a reply brief. For the following reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE.

**I.  FACTUAL AND PROCEDURAL HISTORY**

In December of 2013, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and SSI alleging disability beginning May 9, 2010 due to "back pains, nerves[sic] conditions, deteriorating joints, lower,[sic] and upper back pains, nerves pinched, stiffing[sic] joints, deteriorating tendons weakness pains, depression feel suicidal, excon hard to employ and financial."

---

[1] On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

ECF Dkt. #12 at 191-203.[2] Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 139-144, 147-159. Following the denial of his applications, Plaintiff requested an administrative hearing, and on October 7, 2015, an ALJ conducted the hearing and accepted the testimony of Plaintiff, who was represented by counsel, and a vocational expert ("VE"). *Id.* at 34, 160. At the hearing, with counsel, Plaintiff amended his alleged onset date to December 4, 2013 and withdrew his request for a hearing as to his DIB application. *Id.* at 19, 36-39. On December 29, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. *Id.* at 19-29. Plaintiff requested a review of the hearing decision, and on September 23, 2016, the Appeals Council denied review. *Id.* at 1-7, 15.

On November 8, 2016, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. The parties consented to the jurisdiction of the undersigned on February 24, 2017. ECF Dkt. #15. Plaintiff filed a brief on the merits on March 13, 2017. ECF Dkt. #16. On April 11, 2017, Defendant filed a merits brief. ECF Dkt. #17. Plaintiff did not file a reply brief.

**II**. **ALJ'S DECISION**

In her decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2, 2013, his application date. ECF Dkt. #12 at 21.

The ALJ found that Plaintiff had the severe impairment of degenerative joint disease ("DJD") of the left elbow resulting in bilateral ulnar neuropathy. ECF Dkt. #12 at 22. She further found that this impairment, individually or in combination with other impairments, did not meet or equal any of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id.* at 24.

The ALJ thereafter determined that Plaintiff had the RFC to perform light work with the following limitations: frequently push/pull with hand levers; unlimited ability to climb ramps and stairs; never climb ladders, ropes or scaffolds; unlimited balancing, stooping, kneeling and crouching

---

[2]All citations to the transcript refer to the page numbers assigned when the transcript was filed in the CM/ECF system rather than the page numbers assigned when the transcript was compiled. This allows the Court and the parties to easily reference the transcript as the page numbers of the .PDF file containing the transcript correspond to the page numbers assigned when the transcript was filed in the CM/ECF system.

abilities; occasional crawling; frequent bilateral overhead reaching and handling; and avoidance of concentrated exposure to extreme cold, vibration and hazards, such as unprotected heights and operating dangerous moving machinery such as power saws and hammer jacks. *Id*. at 24.

The ALJ went on to find that based upon the RFC that she determined for Plaintiff and the VE's testimony, Plaintiff could perform his past relevant work as a chemical preparer and cleaner. ECF Dkt. #12 at 27. She therefore found that Plaintiff was not under a disability as defined in the Social Security Act from December 2, 2013 through the date of her decision. *Id*. at 27.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope

by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).

## V. LAW AND ANALYSIS

Plaintiff asserts that the ALJ erred in her RFC determination for him when she found that he could perform frequent rather than occasional handling, even though she acknowledged that the evidence of record supported a finding that Plaintiff could perform light work with the limited use of his upper extremities. ECF Dkt. #16 at 10. Plaintiff cites to the opinions of agency reviewing physicians Drs. Green and Bolz, who found that Plaintiff could not sustain more than occasional reaching and handling. *Id.* at 10-11. He asserts that the ALJ erroneously gave only partial weight to their opinions and no medical opinion supported her upper extremity determination. *Id*. Plaintiff further contends that the ALJ "independently increased Mr. Goode's functional abilities in order to avoid a finding of disability." as the ALJ at the hearing presented a hypothetical person to the VE

-4-

who had only occasional push/pull hand lever and bilateral reaching and handling abilities and then modified those abilities to frequent after the VE testified that no jobs would be available for the ALJ's first hypothetical person. ECF Dkt. #16 at 11-12.

A claimant's RFC is an assessment of the most that a claimant "can still do despite [his] limitations." 20 C.F.R. §§ 416.945(a)(1). An ALJ must consider all of a claimant's impairments and symptoms and the extent to which they are consistent with the objective medical evidence. 20 C.F.R. § 416.945(a)(2)(3). The claimant bears the responsibility of providing the evidence used to make a RFC finding. 20 C.F.R. §§ 416.945(a)(3). However, the RFC determination is one reserved for the ALJ. 20 C.F.R. § 416.946(c); *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009) ("The responsibility for determining a claimant's [RFC] rests with the ALJ, not a physician."); SSR 96-5p, 1996 WL 374183, at *5. Social Security Ruling ("SSR") 96-8p provides guidance on assessing RFC in social security cases. SSR 96-8p. The Ruling states that the RFC assessment must identify the claimant's functional limitations and restrictions and assess his work-related abilities on a function-by-function basis. *Id*. Further, it states that the RFC assessment must be based on *all* of the relevant evidence in the record, including medical history, medical signs and lab findings, the effects of treatment, daily living activity reports, lay evidence, recorded observations, effects of symptoms, evidence from work attempts, the need for a structured living environment and work evaluations. *Id*.

The Court finds that the ALJ applied the proper legal standards in this case and substantial evidence supports her determination that Plaintiff could frequently push/pull with hand levers and bilaterally reach overhead and handle objects. ECF Dkt. #12 at 24. The ALJ acknowledged Plaintiff's testimony that his hands were weak and he had pain in his joints. *Id.* at 25. However, she noted Plaintiff's testimony that he cared for his mother, who had Alzheimer's disease, which she found was physically and mentally demanding. ECF Dkt. #12 at 25, citing ECF Dkt. #12 at 303. The ALJ also noted Plaintiff's reports that he could clean, grocery shop and do laundry to some degree and he occasionally worked mowing lawns and performing auto mechanic work. ECF Dkt. #12 at 24, citing ECF Dkt. #12 at 58, 237. The ALJ also considered Plaintiff's generally conservative treatment modalities, including physical therapy, medication, and only one injection.

*Id.* The ALJ also cited to Plaintiff's sporadic work history and prior felony convictions, indicating that these facts raised questions as to whether Plaintiff's unemployment situation was solely due to his medical impairment. ECF Dkt. #12 at 28. She cited to Plaintiff's report that it was difficult to find and keep a job because of his felony convictions. *Id.* at 25, citing ECF Dkt. #12 at 230. The ALJ properly considered Plaintiff's reports of daily living activities and his testimony in determining his RFC. SSR 96-8p.

The ALJ also cited to the medical evidence supporting her finding that Plaintiff could frequently push/pull hand levers and overhead reach and handle objects. While Plaintiff contends that the ALJ selectively considered the medical evidence, the Court finds to the contrary. The ALJ cited to the 2014 EMG indicating that Plaintiff had bilateral ulnar neuropathy at or about the elbow with segmental demyelination. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 338. She also cited to a physical examination showing that Plaintiff had arthritic-appearing wrists and elbows, and some metacarpophalangeal enlargement in his hands. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 36, citing ECF Dkt. #12 at 338, 370. However, the ALJ also noted that the EMG showed no axonal loss or active signs of denervation and she cited to otherwise unremarkable physical examinations showing normal extremities and ranges of motion. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 297, 338, 340. Thus, the ALJ cited to medical evidence that both favored and militated against her RFC finding.

In addition, the ALJ cited to the findings of state reviewing physician Dr. Green, who opined that Plaintiff could frequently lift and carry 20 pounds occasionally and 10 pounds frequently, but could only occasionally push/pull hand levers, occasionally reach in front and overhead with both extremities, and occasionally handle objects due to his DJD of the elbows, limited range of motion and decreased grip. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 94. The ALJ also cited to the affirmation of Dr. Green's finding by Dr. Bolz, another agency reviewing physician. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 118. In attributing only partial weight to these determinations, the ALJ reasoned that while they were generally consistent with examinations showing that Plaintiff had decreased neck motion and shoulder flexion, weakened handclasps and decreased sensation in the fingers, medical evidence also showed that Plaintiff had normal ranges of motion in his wrists and

fingers and normal x-rays, which supported a finding that Plaintiff could frequently rather than only occasionally push/pull with hand levers and handle objects. *Id.* at 29, citing ECF Dkt. #12 at 292, 320, 324, 376.

Plaintiff asserts that the ALJ unreasonably attributed only partial weight to the opinions of Drs. Green and Bolz when they provided medical evidence to support their findings and the ALJ instead independently determined that the normal ranges of motion in Plaintiff's fingers and wrist supported her RFC of frequent handling and pushing/pulling. ECF Dkt. #16 at 10. However, it is the ALJ who has the final responsibility for determining the RFC and she is not required to base her RFC on the opinion of any physician. 20 C.F.R. § 416.927(d)(2)-(3). Although the ALJ must consider opinions from medical sources in determining RFC, no special significance is given to such opinions on issues reserved to the ALJ, such as the RFC. *Id.* In formulating her physical RFC for Plaintiff, the ALJ attributed partial weight to the opinions of Drs. Green and Bolz and reasonably explained her reasons for doing so. ECF Dkt #12 at 26. She explained that medical evidence showed that Plaintiff had normal range of motion in his wrist and fingers which supported a RFC for frequently pushing/pulling and handling of objects. *Id.* Dr. Green and Bolz both cited to medical evidence showing an abnormal grasp for Plaintiff but normal manipulation, pinch and fine coordination, and weak handclasps at 3/5 for the left and 4/5 for the right. *Id.* at 108, 132. However, Dr. Bradford, the agency examining physician, noted these findings as well and provided no restrictions as to Plaintiff's push/pull or handling abilities, limiting him only to lifting and carrying no more than 20 pounds. *Id.* at 297. The ALJ also attributed partial weight to Dr. Bradford's opinion, apparently accepting her only restriction to lifting and carrying and explaining that she gave partial weight to the opinion because Dr. Bradford personally examined Plaintiff and her opinion was generally consistent with her examination findings of bilateral weakened hand grasps, numbness to pinprick over all fingertips and the left little finger, inability to fully supinate at the elbows, possible biceps tendonitis and bilateral cervical radiculopathies. ECF Dkt. #12 at 26, citing ECF Dkt. #12 at 297.

In sum, the ALJ was not required to adopt in full any of the agency examining and reviewing physician opinions in this case. Further, she properly considered each of those opinions in

determining Plaintiff's RFC, and she reasonably concluded based upon those opinions, the other medical evidence in the file and the non-medical evidence of Plaintiff's activities and conservative treatment, that Plaintiff could perform frequent push/pulling and handling.  Substantial evidence supports her decision to do so.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE.

Date: March 9, 2018            */s/George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE